62  571
46a 634

————O————

WILLIAM CLAMPITT, Respondent, *vs.* WILLIAM KELLEY, Appellant.

1. *Unlawful detainer—Equitable title, voluntary sale of—Sheriff's deed—Relation—Tenant, attornment by.*—A., having an equitable title to land, sold the land to B., and subsequently, as B.'s agent, leased the land to C. Afterwards the land was attached as A.'s and was, on execution in that suit, sold by the sheriff. The purchaser demanded that C. attorn to him, but C. surrendered the property to D. as B.'s agent, who let the land to the defendant. *Held,* on suit by the purchaser against the tenant for unlawful detainer, that the doctrine of relation did not apply, and that neither C. nor the defendant could properly attorn to the plaintiff. (Wagn. Stat., 880, § 15.)*

*Appeal from Caldwell Circuit Court.*

*J. A. Holliday,* with *Willard P. Hall, Jr.,* for Appellant.

*Shanklin, Low & McDougal,* for Respondent.

*The head note explains some points concerning the relations of the parties, which the opinion leaves ambiguous, the information being derived from the statements of the counsel.—REP.

SHERWOOD, Judge, delivered the opinion of the court.

Action for unlawful detainer. Henry F. Heazlite contracted with the Hann. & St. Jo. R. R. Co. for the purchase of the premises in controversy in 1868. After making the first payment, he, on the 10th of January, 1872, sold and transferred his interest in the land to Mrs. Susan Heazlite, receiving payment in full for the assignment of the written contract with the railroad company. In March, 1873, the land was attached as the property of Henry F. Heazlite, and the attachment proceedings culminated in a judgment in the same year, plaintiff, the purchaser at execution sale, receiving a deed October 30, 1873. After the sale by Henry F. to Susan Heazlite, the former, as agent of the latter, rented the property to Bowers, and then, after the expiration of Bowers' lease, on the 1st of March, 1873, Henry F., through Eli Heazlite, rented the premises to Jacob Harpester, until the 1st of March, 1874. In thus renting to Harpester, Henry F. acted only as the agent of the person to whom he had sold, and this renting to Harpester was made prior to the levy of the writ of attachment, and long subsequent to the sale to Mrs. Susan Heazlite; so that it clearly appears from the evidence, that, at the time of the sale made by the sheriff, Henry F. Heazlite had neither interest in, nor possession of, the premises sued for.

Under these circumstances the doctrine of relation can obviously have no bearing on the case before us, as Henry F. Heazlite, whose title the sheriff's deed purports to convey to the plaintiff, had parted with his equitable interest, and had relinquished the possession of the land in dispute, long before the levy of the writ of attachment above referred to. This being the case, although a tenant in certain instances, pointed out in the statute, is authorized to attorn to the purchaser of his landlord's title, neither Harpester nor defendant could have lawfully attorned to the plaintiff. (Wagn. Stat., 880, § 15.)

For these reasons the latter was not entitled to recover in this action; the instruction asked by defendant in the nature of a demurrer to the evidence should have been given; and the judgment is reversed. Judges Wagner and Vories absent; the other judges concur.